E-FILED
Wednesday, 18 March, 2026 02:57:55 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | |
|---|---|
| STACEY KRAPFL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 25-cv-4131 |
| | ) |
| CLARENCE M. DARROW, in his official | ) |
| capacity as Administrative Judge for the | ) |
| Circuit Court of Rock Island County; and | ) |
| TAMMY R. WEIKERT in her official | ) |
| capacity as Circuit Clerk of Rock Island | ) |
| County Courthouse, | ) |
| | ) |
| Defendants. | ) |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Plaintiff Stacey Krapfl filed this pro se action[1] under 42 U.S.C. § 1983 seeking to challenge the constitutionality of 750 ILCS 60/201 *et seq.*, on the basis that ex parte orders of protection violate the Fourteenth Amendment of the United States Constitution. (Doc. 1). Before the Court are Defendant Tammy Weikert's Motion Dismiss (Doc. 7), Defendant Clarence M. Darrow's Motion to Dismiss (Doc. 10), and Plaintiff's Motion to Hear Case under the Mootness Doctrine Exceptions. (Doc. 17).

## I.    BACKGROUND

In her Complaint, Plaintiff alleges an ex parte emergency order of protection was

---

[1] Plaintiff's Complaint indicates she is also pursuing this action on behalf of her children. However, a nonlawyer can only bring claims on behalf of herself. *See Georgakis v. Illinois State University*, 722 F.3d 1075, 1077 (7th Cir. 2013).

entered against her in Rock Island Circuit Court on March 6, 2024. (Doc. 1 at 2). The ex parte order is automatically extended with each continuation of trial. (*Id.*) According to Plaintiff, her children were "erroneously deprived of their primary caregiver" for 497 days and she has had no opportunity to be heard as the ex parte order simply remains in place until the next time it is unilaterally extended sua sponte. (*Id.*) Plaintiff alleges neither the pre-deprivation safeguards nor the post-deprivation procedures satisfy the due process requirements of the Fourteenth Amendment. (*Id.* at 2-4). Thus, Plaintiff asks the Court to declare 750 ILCS 60/220(e) unconstitutional and issue an injunction prohibiting its enforcement. (*Id.* at 4).

Defendants move separately to dismiss Plaintiff's Complaint on various grounds. (Docs. 7, 10). On September 24, 2025, Plaintiff filed a Motion to Hear Case under the Mootness Doctrine Exceptions after the Rock Island Circuit Court vacated the emergency order of protection and denied the entry of a plenary order the day before. (Doc. 17). While acknowledging the issue before this Court is now moot, Plaintiff asks the Court to review the matter under one of the exceptions to the mootness doctrine.

## II.     DISCUSSION

A plaintiff must have standing in order to invoke federal jurisdiction. *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017). "To have standing, a plaintiff must allege and ultimately show: (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Id.* It is the plaintiff's burden to show she has standing to request injunctive relief.

Standing for prospective injunctive relief requires a plaintiff to face a "real and immediate" threat of future injury instead of a threat that is merely "conjectural or hypothetical." *Id.* A past injury is not enough alone to establish standing for prospective injunctive relief. *Id.* "An actual controversy must exist at every phase of the litigation." *Gill v. Linnabarry*, 63 F.4th 609, 612 (7th Cir. 2023).

While Plaintiff acknowledges courts generally do not decide moot questions, she asks the court to retain jurisdiction under the "public interest exception" to the requirement of standing. However, that appears to be a state law doctrine which does not apply to Article III standing. *See Krislov v. Yarbrough*, 988 F.3d 975, 977 (7th Cir. 2021) ("Krislov contends that there is a 'public interest' exception to the requirement that a suit remain justiciable at all times, but he does not cite any federal source for this supposed exception."). "Accurate adjudication always is in the public interest . . . but that does not mean that federal courts can proceed even if the plaintiff lacks standing or the proposed remedy would not redress the plaintiff's injury." *Id.*

Plaintiff does reference a recognized exception to mootness — that of a claim that is "capable of repetition yet evading review" which "applies when (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Gill*, 63 F.4th at 613 (internal quotation marks and citation omitted). This exception is often applied in ballot-access cases because elections usually happen before meaningful judicial review can occur. *Id.*

Ex parte emergency orders of protection are not of such a brief nature or duration that any issues related to their constitutionality cannot be litigated prior to cessation or expiration. Plaintiff filed her Complaint on July 17, 2025, alleging her children had been erroneously deprived of their primary caregiver for 497 days. (Doc. 1). The emergency order of protection remained in effect for two more months, totaling more than 18 months before being vacated on September 23, 2025. Thus, the constitutionality of ex parte orders of protection are not analogous to ballot access issues which might become moot before being litigated.

Additionally, there is no reason to believe Plaintiff will be subject to another ex parte order of protection. *See, e.g., Simic*, 851 F.3d at 737-39 (finding plaintiff no longer had Article III standing to pursue her claim that the ordinance prohibiting texting while driving was unconstitutional after city dismissed the case against her). In *Simic*, the Seventh Circuit stated, "We hope, and in any event we must assume, that Simic does not have concrete plans to violate Illinois law by using her cell phone while driving in Chicago. That fact undermines her standing to seek injunctive relief." *Id.* at 738. Just as "[g]eneral assertions or inferences that in the course of their activities respondents will be prosecuted for violating valid criminal laws" are not enough to establish injury for standing, *see id.* at 738-39, general allegations that ex parte emergency orders of protection will be entered against Plaintiff or others are not sufficient to confer standing.

## III.    CONCLUSION

Because Plaintiff lacks standing to bring claims challenging the constitutionality of the Illinois statute in federal court, Plaintiff's Complaint must be dismissed without

prejudice for lack of subject matter jurisdiction under Rule 12(b)(1). The Clerk will terminate all pending motions (Docs. 7, 9, 10, & 17). Upon entry of Judgment, the Clerk will close this case.

ENTER:  March 18, 2026

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE